(No. 2681—

ALPHA DISTRIBUTORS, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1936.*

ECKERT & PETERSON, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On December 2nd, 1933 claimant, Alpha Distributors, Inc., a Delaware corporation, pursuant to a previous agreement with Alpha Shares, Inc., a Maryland corporation, submitted to the Secretary of State of this State its application for the qualification of the participating shares of said Alpha Shares, Inc., as Class D securities under the provisions of the Illinois Securities Law. With such application the claimant presented the "statements and documents" required by Section 9 of the Securities Law and its check for $300.00 to cover the fees required by Section 26 of such law. The check was sent through for clearing and the proceeds deposited in the State Treasury.

One of the provisions of the articles of incorporation of Alpha Shares, Inc., provided in effect that the participating stock of such corporation should not have any voting rights.

On December 12th, 1933 the Honorable Otto Kerner, Attorney General, advised the Secretary of State that he should not accept for qualification statements which purport to qualify stock of a foreign corporation which denies to stockholders the privilege of voting for directors. (Opinions of Attorney General, 1933, p. 746.)

A copy of such opinion was forwarded to the attorneys for claimant, and on December 26th, 1933 the Secretary of State advised such attorneys that the aforementioned opinion made it impossible for the Securities Department to pass upon the matter, and the original application was therefore returned and the files closed.

Subsequently the general corporate scheme was changed, and on January 21st, 1934, claimant submitted the application of Alpha Shares, Inc., to qualify such participating stock as a semi-fixed type of investment trust under Section 7-a of the Securities Law, and accompanied such application with the required exhibits. The fee fixed by the statute for such application was $100.00, and the application having been filed, the Secretary of State permitted $100.00 of the $300.00

fee previously paid, to be credited to the filing fee of the last application.

No further action relative to the remaining $200.00 of the $300.00 fee originally paid was taken until July 17th, 1935, on which date the claimant filed its claim herein for the recovery of such sum of $200.00.

Section 26 of the Illinois Securities Law, (Smith-Hurd's Revised Statutes, 1933, chap. 121½) provides as follows:

"The following fees shall be paid to the Secretary of State at the time of submitting any statement for the qualification of securities in Class 'C' or 'D' and amendments thereto * * *:

"(1) For Class 'C' or Class 'D' statement a fee of one-twentieth of one per cent of the amount of securities to be offered for sale in this State, but in no case shall the fee be less than $25.00 or more than $300.00.

* * * * * * *

"All such fees shall be paid into the State Treasury even though such statements or inventories and appraisements are not filed by the Secretary of State."

Counsel for claimant and for respondent agree that the fee required by the statute, is for the purpose of compensating the Secretary of State for the examination of the "statements and documents" which are required to be filed pursuant to the provisions of Section 9 of the Securities Law, but counsel for claimant contends that the Secretary of State did not make such examination, but returned the application without examination on account of the aforementioned opinion of the Attorney General, and base their contention on the following statement in the letter of the Secretary of State returning the application, to wit:

"This opinion makes it impossible for the Securities Department to pass upon the above matter, and the Department is returning to you the original application and exhibits submitted by your office and is marking the files closed."

However, there is nothing in such letter to indicate that the Secretary of State did not examine the documents submitted; in fact, he necessarily had to examine them, or some of them, before he could determine that the shares which claimant sought to qualify did not have voting rights. The documents in question were in the hands of the Secretary of State for ten days before the opinion of the Attorney General was written, and there is nothing in the record to indicate that an examination of such documents was not made.

The Secretary of State in his letter above quoted said: "This opinion makes it impossible for the Securities Depart-

ment to *pass upon the above matter"*; that is, the matter of the qualification of the shares as Class D securities. Although the Securities Department was barred from passing on the question of the qualification of the shares, as previously stated, it necessarily had to examine the documents submitted, or some of them, before it could determine that the shares in question denied to the holders thereof the right to vote for directors.

Under the provisions of Section 26 of the Securities Law, the fee is required to be paid "at the time of submitting" and not at the time of filing. Said section also provides that "all such fees shall be paid into the State Treasury even though such statements or inventories and appraisements are not filed by the Secretary of State."

No provision has been made by the Legislature for the return of any such fees so paid into the State Treasury, and on the record before us, we see no legal justification for an award. Award must therefore be denied. Award denied. Case dismissed.